UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| ISSAC S. KNOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No.   4:21-CV-33-CLC-SKL |
| | ) |
| KEVIN MARTIN, | ) |
| SHANE GEORGE, | ) |
| JOHN LASATER, | ) |
| CHRIS MORTON, | ) |
| S.A. DAUGHERTY, and | ) |
| CORNELL MITCHELL, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM & ORDER**

Plaintiff, an inmate housed at the Bedford County Correctional Facility, has filed a pro se complaint alleging violations of 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) [Doc. 2] and a motion for leave to proceed *in forma pauperis* in this cause [Doc. 1].

I. **MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff's motion for leave to proceed *in forma pauperis* establishes that he is unable to pay the filing fee, so his motion [Doc. 1] is **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the previous month), but only when the monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. *See* 28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure collection of this fee, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the Bedford County Correctional Facility and the Court's financial deputy. They shall be placed in Plaintiff's file and follow him if he is transferred to a different institution.

II.     SCREENING OF COMPLAINT

   A.     Plaintiff's Allegations

Plaintiff contends that on July 22, 2020, Defendants Kevin Martin, S.A. Daugherty, and John Lasater, members of the Bedford County Drug Task Force, conducted an allegedly unlawful stop and search of Plaintiff's vehicle based on Plaintiff's race [Doc. 2 at 9, 11]. As a result of the stop, Plaintiff was charged with driving on a suspended license and placed in the backseat of a hot patrol vehicle [*Id*. at 9]. Plaintiff complained of heat exhaustion and thirst, which was exacerbated by the fact that he is diabetic, so he and his vehicle were moved to another location [*Id*.]. Defendant Shane George, the director of the Drug Task Force, arrived at the second location, pulled Plaintiff out of the patrol vehicle, and questioned Plaintiff about drugs [*Id*.]. When Plaintiff denied possession or knowledge of any drugs, Defendant George "violently" searched Plaintiff's person, thereby injuring Plaintiff's testicles [*Id*.]. Plaintiff's vehicle was again searched for 45 minutes to 1 hour [*Id.*]. After no drugs were found, Plaintiff was transported to the Bedford County Jail to be booked on the suspended license charge [*Id*. at 9–10].

When Plaintiff arrived at the Bedford County Jail, Defendant Martin took Plaintiff to a holding cell, strip-searched him, and sexually assaulted him [*Id*. at 10]. After Plaintiff posted bail[1], he went to the emergency room to get his testicles examined [*Id*.]. At some point, Plaintiff

---

[1] Plaintiff does not disclose the legal charge forming the basis for his current incarceration [*see* Doc. 2].

discovered that approximately $800 was stolen from him during the search of his person or vehicle [*Id*. at 11].

Plaintiff informed his federal probation officer, Defendant Cornell Mitchell, of these events, but Defendant Mitchell failed to intervene or allow Plaintiff to move to Chattanooga [*Id*. at 7]. Moreover, during a home inspection conducted via Zoom, Defendant Mitchell "violated [the] code of professionalism by conducting business while l[]ying in bed half[-] dressed" [*Id*.].

Aggrieved, Plaintiff filed this lawsuit seeking $5,000,000 in damages for "trauma" to his testicles, mental and emotional distress, the loss of $800, and hundreds of dollars in medical bills [*Id*. at 11, 17].

### B. Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases, and they "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, allegations

3

that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly,* 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Although Plaintiff filed his complaint on the form used for § 1983 actions, he has also named a federal employee, Cornell Mitchell, as a Defendant. Accordingly, the Court construes Plaintiff's allegations against Defendant Mitchell under the *Bivens* doctrine. *Bivens*, 403 U.S. 388 (holding private right of action may be implied from the Constitution itself for allegations of constitutional violations made against federal employees or their agents). To establish a *Bivens* claim, a "plaintiff must allege facts which show the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005). The doctrine parallels civil rights actions against state actors under § 1983, and case law developed under § 1983 generally applies to *Bivens* actions. *See Carlson v. Green*, 446 U.S. 14, 21–22 (1980).

## C. Analysis

### 1. *Bivens* Claim

Plaintiff seeks to impose liability against Defendant Mitchell, a federal probation officer charged with overseeing Plaintiff's supervised release, in both his official and individual capacities [Doc. 2 at 4].[2] The Court addresses those claims in turn.

First, a *Bivens* claim against a federal employee in his official capacity is the equivalent of suit against the United States of America, and thus, the claim is precluded by the doctrine of sovereign immunity. *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002) (holding doctrine of sovereign immunity bars suit for damages against officers of United States sued in their official capacities); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding state is real party in interest in official capacity suit against state official).[3] Therefore, Plaintiff cannot recover damages against Defendant Mitchell in his official capacity.

Second, Plaintiff has not stated a constitutional claim against Defendant Mitchell in his individual capacity. Plaintiff alleges only that Defendant Mitchell was unprofessional in the performance of his duties and that he failed to remedy Plaintiff's grievances. These allegations are insufficient to state a plausible constitutional violation. *See Connor v. Helo*, No. 85-5215, 1987 WL 44930, at *3 (6th Cir. Oct. 2, 1987) ("Since this was a Bivens action, [the plaintiff] had the burden of proving that the individual defendant acted with the intent to deprive him of rights

---

[2] The Court takes judicial notice of Plaintiff's underlying criminal case, *United States v. Knott*, No. 4:08-CR-17-TRM-CHS (E.D. Tenn.).

[3] Claims against a federal agent in his official capacity for intentional torts are usually pursued under the Federal Tort Claims Act. *See FDIC v. Meyer*, 510 U.S. 294 (1991). However, a *Bivens* action, not the Federal Tort Claims Act, is the only vehicle by which a plaintiff can assert constitutional tort claims. *See, e.g.*, *Washington v. Drug Enf't Admin.*, 183 F.3d 868, 873 (8th Cir. 1999).

secured by the constitution. Mere negligence is insufficient to ground a Bivens action."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Accordingly, the complaint fails to state a claim upon which relief may be granted as to Defendant Mitchell, and Defendant Mitchell is **DISMISSED** from this lawsuit.[4]

### 2. Section 1983 Claims

The remaining Defendants are members of the Bedford County Drug Task Force. Plaintiff asserts claims against these Defendants in their official and individual capacities [Doc. 2 at 3–4].

#### a. Official Capacity Claims

A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the officer represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). In an action against a county officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Therefore, Plaintiff's claims against the remaining Defendants in their official capacities are treated as claims against Bedford County, Tennessee. *See Graham*, 473 U.S. at 166; *see also Monell v. Dep't of Soc. Servs.*, 436

---

[4] Even so, Defendant Mitchell would be afforded "quasi-judicial immunity" from suit for money damages for acts of supervision performed in his role as a probation officer. *See, e.g.*, *Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007) (finding that probation officers are entitled to quasi-judicial immunity to the extent they are performing judicial duties); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (holding that actions taken while "enforcing or executing a court order [are] intrinsically associated with a judicial proceeding" and therefore such acts are entitled to judicial immunity).

6

U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]").

Bedford County cannot be held liable under § 1983 for any "injury inflicted solely by its employees or agents." *See Monell*, 436 U.S. at 694. Rather, it is only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. A plaintiff asserting a § 1983 claim for municipal liability based on the existence of a custom or policy must identify the policy, connect it to the municipality, and demonstrate that the injury was incurred because of the execution of that policy. *Graham ex rel. Est. of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 388 (6th Cir. 2004). "There must be a 'direct causal link' between the policy and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Id*. at 383 (quoting *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)).

Plaintiff has not set forth any factual allegations that would allow the Court to infer that the alleged violations of his constitutional rights occurred because of any policy or custom of Bedford County. Therefore, the claims against Defendants in their official capacities are **DISMISSED** for Plaintiff's failure to state a claim upon which relief may be granted.

### b. Individual Capacity Claims

To maintain suit against the remaining Defendants in their individual capacities, Plaintiff must allege personal involvement by each Defendant in the alleged constitutional violations. *See, e.g.*, *Frazier*, 41 F. App'x at 764. The Complaint contains no factual allegations against Defendant Morton, much less any indicating that he had any personal involvement in a violation of Plaintiff's constitutional rights. Accordingly, Defendant Morton is **DISMISSED** from this action.

Plaintiff contends that, in an act of racial animus, the remaining Defendants subjected him to an unlawful traffic stop, search, and seizure; that Defendant George subjected him to excessive force; that Defendant Martin sexually assaulted him; and that Defendants stole $800 from him [*see* Doc. 2]. The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. To state a viable equal-protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). Plaintiff has set forth no facts from which the Court could plausibly infer that race was the motivating factor for any of Defendants' alleged actions. Therefore, the Court **DISMISSES** Plaintiff's claim of purposeful discrimination under the Equal Protection Clause. *See Iqbal*, 556 U.S. at 678 (holding conclusory allegations fail to state a constitutional claim); *see Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir. 1997) (holding plaintiff alleging discriminatory application of laws must make prima facie showing that similarly situated persons outside of group were not prosecuted).

Additionally, Plaintiff has set forth no facts surrounding his allegation that Defendants stole money from him. Therefore, the Court **DISMISSES** this claim, as it is a conclusory allegation that fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (holding conclusory allegations fail to state a constitutional claim).

The Court finds that Plaintiff's remaining allegations, while far from factually exhaustive, plausibly allege that the remaining Defendants violated Plaintiff's Fourth Amendment rights, that Defendant George subjected Plaintiff to excessive force, and that Defendant Martin sexually

8

Case 4:21-cv-00033-CLC-SKL   Document 4   Filed 07/30/21   Page 8 of 10   PageID #: 30

assaulted Plaintiff in violation of the Eighth Amendment. Therefore, the Court allows these claims to **PROCEED** against Defendants Martin, George, Lasater, and Daughtery.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Plaintiff has failed to state a claim against Defendants Mitchell and Morton, and they are **DISMISSED**;

6. All claims against Defendants in their official capacities are **DISMISSED**;

7. Plaintiff's claims that Defendants violated the Equal Protection Clause and stole $800 from him are **DISMISSED**;

8. Plaintiff's remaining individual-capacity claims shall **PROCEED** against Defendants Martin, George, Lasater, and Daughtery as set forth above;

9. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Martin, George, Lasater, and Daughtery;

10. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

11. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

12. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, monitor the progress of the case, and prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**